IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:   BOSTON SCIENTIFIC CORP.,
         PELVIC REPAIR SYSTEM
         PRODUCTS LIABILITY LITIGATION               MDL No. 2326

---

THIS DOCUMENT RELATES TO:

*Page v. Boston Scientific Corp.*                    Civil Action No. 2:14-cv-21518

MEMORANDUM OPINION AND ORDER

Pending before the court is Boston Scientific Corp.'s ("BSC") Motion to Dismiss for Failure to Timely Serve her Plaintiff Profile Form [ECF No. 9]. The plaintiff has responded to the motion [ECF No. 10], making it ripe for decision. For the reasons stated below, the motion is **GRANTED**.

BSC's Motion arises from this court's Order [ECF No. 8], entered on February 22, 2016, denying BSC's Motion for Sanctions, including monetary penalties, dismissal and any other sanction deemed appropriate by the court, for failure to serve a Plaintiff Profile Form ("PPF") in compliance with Pretrial Order ("PTO") # 16. In reaching this decision, I relied on *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), in which the Fourth Circuit identified four factors that a court must consider when reviewing a motion to dismiss on the basis of noncompliance with discovery. *See* Order at 4–7 [ECF No. 8] (applying the *Wilson* factors to Ms. Page's case).[1] Concluding that the first three factors weighed in favor of sanctions as

---

[1] The *Wilson* factors are as follows: (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry

requested by BSC, I nevertheless declined to award the requested sanctions of either dismissal or monetary sanctions because it would offend the court's duty under *Wilson's* fourth factor, which is to consider the effectiveness of lesser sanctions. In recognition of this duty, I gave the plaintiff a final chance to comply with the deadlines set forth in PTO # 16. I afforded her 30 business days from the entry of the Order to submit to BSC a completed PPF, with the caveat that a failure to do so may result in dismissal of her case upon motion by BSC. Despite this warning, Ms. Page has again failed to comply with this court's orders and did not provide BSC with her PPF within the 30-day period. Consequently, BSC moved to dismiss this case.

Because the less drastic sanction instituted against Ms. Page has had no effect on her compliance with and response to this court's discovery orders, which she has continued to blatantly disregard, I find that dismissal is now appropriate. For the reasons explained in my February 22, 2016 Order [ECF No. 8], it is **ORDERED** that the defendant's Motion to Dismiss [ECF No. 9] is **GRANTED**, and the plaintiff's case is **DISMISSED without prejudice**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 13, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at 503–06).